**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ISSA WEBB,

        Plaintiff,

      v.

MUNICIPAL COLLECTION SERVICES,
LLC,

        Defendant.

No. 25 CV 1165

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Issa Webb received three Red Light Violation Notices from three sperate municipalities across Chicagoland for disregarding a traffic control signal. Each municipality placed the outstanding balance owed for the violations with Municipal Collection Services, a company hired by various municipalities to collect unpaid fines. MCS contacted Webb by text message to attempt to collect the fines, but Webb responded that he would not be paying. MCS then sent over a dozen additional text messages. Webb filed suit alleging that MCS's collection efforts violated the Fair Debt Collection Practices Act. MCS now moves for summary judgment. Because a fine is not a "debt" as defined by the Fair Debt Collection Practices Act, the motion is granted.

## I.    Legal Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the non-moving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' Rule 56(c) mandates entry of summary judgment against that party because 'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (quoting *Celotex,* 477 U.S. at 322–23). I view the facts and draw all inferences in the light most favorable to the nonmoving party. *Zemlick v. Burkhart*, 164 F.4th 1004, 1010 (7th Cir. 2026).

## II.    Facts

Three separate Illinois municipalities—the Village of Riverdale, the Village of Evergreen Park, and the Village of South Chicago Heights—issued Issa Webb three Red Light Violation Notices . [32] ¶¶ 10–12.[1] Webb does not admit liability for any of the violations but does acknowledge that, on at least two of the relevant dates, he

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are largely taken from plaintiff's response to defendant's statement of material facts, [32], where both defendant's assertions and plaintiff's responses are set forth in one document.

drove the vehicles pictured in the later-issued notices. [32] ¶¶ 1–9.[2] The municipalities placed the fines with Municipal Collection Services, LLC for collection. [32] ¶ 21. MCS attempted to collect the balances owed to the municipalities from Webb, but those efforts were unsuccessful. [27] at 8.

As part of its collection efforts, MCS sent Webb a text message which read: "Issa, Municipal Collection Services has business of yours in its office. To make a payment please visit us at https://www.mcsipayments.com using [account number] or for additional information please call 844-627-2658. To opt out text STOP." [1] at 11.[3] After two such texts, Webb responded: "Thanks for the extra details. I appreciate it but I won't be paying." [1] at 11. MCS sent a substantially identical text 14 more times over the course of 7 months. [1] at 11–17. Webb did not send any further response.

## III.   Analysis

To prevail under the Fair Debt Collection Practices Act, Webb must prove (1) that MCS qualifies as a "debt collector," (2) that MCS took the actions Webb complains of "in connection with the collection of any debt," and (3) that those actions violated one of the Act's substantive provisions. *Wood v. Sec. Credit Servs., LLC,*

---

[2] Defendant's statement of material facts inaccurately describes the vehicle in the third violation as a Buick with license plate number CM18576, so Webb denies the assertion. [32] ¶ 6. The Red Light Violation Notice identifies the vehicle as a BMW with license plate number CM18576, [27] at 17, which Webb listed as a vehicle registered to his name in his responses to defendant's interrogatories, [27] at 46.

[3] Webb appears to have attempted to submit these text messages to the court as exhibits in support of his response to the motion for summary judgment. *See* [31]. Webb is representing himself pro se, and I consider the screenshots attached to his complaint as incorporated by reference into his response to the motion for summary judgment.

126 F.4th 1303, 1311 (7th Cir. 2025). All three elements are contested, but the second—whether MCS was attempting to collect a debt—is dispositive.

Debt has a narrower meaning under the Fair Debt Collection Practices Act than it does in common speech. While debt generally refers broadly to "an obligation or liability to pay or return something," *Debt*, *Webster's New Twentieth Century Dictionary* (2d ed. 1959), the Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "'When a statute includes an explicit definition, we must follow that definition,' even if it varies from a term's ordinary meaning." *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 160 (2018) (quoting *Burgess v. United States,* 553 U.S. 124, 130 (2008)).

Municipal fines are not "debts" under the Fair Debt Collection Practices Act. "By its terms, 'the FDCPA limits its reach to those obligations to pay arising from *consensual* transactions, where parties negotiate or contract for *consumer-related goods or services.*'" *Spiegel v. Kim*, 952 F.3d 844, 846 (7th Cir. 2020) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997)) (emphases in original). "That limitation explains why a thief's obligation to pay for stolen goods is not a debt under the FDCPA, nor is a municipal fine levied on a property owner." *Spiegel*, 952 F.3d at 846 (citing *Bass*, 111 F.3d at 1326 then *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011)).

4

A fine is a penalty imposed for breaking the law—not the product of a bargain—and municipal fines "cannot reasonably be understood as 'debts' arising from consensual consumer transactions for goods and services." *Gulley*, 664 F.3d at 1075 (per curiam) (affirming dismissal of FDCPA claims against a law firm retained by the City of Chicago to collect unpaid municipal-code fines). That conclusion is supported by the statutory text, by the Federal Trade Commission's staff commentary excluding fines from the definition of "debt," 53 Fed. Reg. 50,097, 50,102 (Dec. 13, 1988), and by a uniform body of district court decisions reaching the same conclusion for traffic tickets, parking violations, homeowners-association fines, and an overdue-library-book fine. *Gulley*, 664 F.3d at 1074–75 (collecting cases).

Webb does not dispute that municipal fines fall outside the ordinary scope of consumer credit obligations. Rather, he argues that MCS's self-identification as a "debt collector" creates an issue of material facts that precludes summary judgment. [30] at 3–4. Even if MCS's self-identification could control whether it is considered a "debt collector" under the Act, that does not change the fact that the obligations on which it tried to collect were not themselves "debts."

The source of the obligation is what matters, not its label. *Franklin v. Parking Revenue Recovery Servs., Inc.*, 832 F.3d 741, 744 (7th Cir. 2016) ("The crucial question is the legal source of the obligation."). An obligation created by contract is a debt even when the creditor calls it a fine. For example, a $45 nonpayment penalty at a commuter parking lot was a debt because it arose from the contract formed when the customer parked, not from any ordinance. *Id.* at 744–45. An obligation imposed by

5

operation of law is not. For those reasons, MCS is entitled to judgment as a matter of law.

## IV.    Conclusion

Municipal Collection Service's motion for summary judgment, [26], is granted. Enter judgment in favor of defendant and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: August 4, 2026

6